**In re Joseph E. SAPERSTEIN, Respondent, an Attorney Licensed to Practice Law in Tennessee.**

Supreme Court of Tennessee, at Nashville.

July 1, 1991.

Joseph L. Mercer, II, Nashville, For Bd. of Professional Responsibility.

Joseph E. Saperstein, respondent pro se.

## OPINION

REID, Chief Justice.

This case is before the Court on a Petition for Order of Contempt filed by the Board of Professional Responsibility against the respondent, Joseph E. Saperstein, on August 1, 1990, a supplemental petition filed September 12, 1990, a second supplemental petition filed October 4, 1990, and a third supplemental petition filed October 23, 1990. The petitions charge that the respondent is guilty of contempt of Court for the violation of an order of temporary suspension entered by the Court on February 9, 1990, by continuing to practice law and failing to comply with the requirements of Rule 9, Rules of the Supreme

Court (particularly the requirements of § 18 of Rule 9, requiring that he give notice of his suspension to his clients, attorneys for adverse parties, and others), and *for failing to appear before the Court as ordered.* The respondent made no response to the petitions.

The order of temporary suspension was based on a petition filed by disciplinary counsel on February 7, 1990, in which disciplinary counsel alleged that respondent had failed to respond to a notice and summary of complaints filed with the Board, charging the respondent with violations of Disciplinary Rules 1–102(A)(5) and (6) of the Code of Professional Responsibility. Respondent had not responded to the petition for temporary suspension.

Affidavits made by attorneys and respondent's clients, copies of court pleadings, and other evidence show that the respondent continued to engage in the practice of law, failed to comply with § 18 of Rule 9, and otherwise failed and refused to comply with the order of suspension. The evidence shows that respondent continued to represent or accepted new employment from a minimum of six clients in substantial matters after entry and notice of the order of suspension and that he did not give notice to his clients or adversary counsel or otherwise comply with Rule 9 with regard to those and other legal matters in which he acted as counsel.

Upon motion of disciplinary counsel, the Court entered an order on August 15, 1990, directing respondent to appear before the Court on October 2, 1990, to show cause why he should not be adjudged in contempt for failure to abide by the Court's order of suspension. Respondent did not respond to the order, nor did he appear. Upon respondent's failure to appear, the Court entered another show cause order for respondent's appearance on October 4 and directed that the order be served by the Sheriff of Davidson County. Respondent made no response to the order, but he appeared before the Court on October 4 as directed. His appearance on that date was his only response to the several petitions, notices, and orders entered since he was given notice of the first complaint in February 1990.

Upon respondent's appearance before the Court on October 4, 1990, he stated he was not prepared to proceed and requested additional time within which to obtain counsel and prepare his defense. At his request, the hearing was continued to the next term of Court at Nashville, and subsequently was set for February 5, 1991.

On November 16, 1990, a hearing committee of the Board of Professional Responsibility found the respondent had demonstrated "gross neglect of his clients and the administration of justice" and was "unfit to aid in the administration of justice as an attorney and as an officer of the Court" and ordered that he be disbarred. The Court entered an *Order of Enforcement* on January 30, 1991, disbarring the respondent for violations of the Code of Professional Responsibility.

Respondent did not appear by pleading, counsel, or in person at the scheduled contempt hearing on February 5, 1991, despite his having been given three separate notices of the hearing date.

It appears from the record that the respondent's failure to comply with the Court's Order of Suspension, and the provisions of Rule 9 incident thereto, were willful, contumacious, and contemptuous. The respondent was afforded notice of the charges against him and was given an opportunity to respond to the charges at a hearing before this Court. The respondent chose, however, not to avail himself of that opportunity. Similarly, the record establishes that the respondent's failures to respond, by appearance or otherwise, to the show cause orders issued by this Court were equally willful, contumacious, and contemptuous. Respondent, accordingly, is found beyond a reasonable doubt to be guilty of contempt of Court, as provided in T.C.A. § 29–9–102(2), (3), and (6).

The Court specifically finds the respondent guilty of six instances of contempt for

accepting new employment as an attorney or continuing to represent clients after entry and notice of the order of suspension. Furthermore, the respondent is guilty of contempt in each of those six situations for failing to notify his clients of his suspension. The Court also finds the respondent guilty of six additional charges of contempt for failing to notify adversary counsel in those six matters of his suspension from the practice of law, as required by § 18 of Rule 9 of the Rules of the Supreme Court.

For each of the 18 contempt convictions, the Court fines the respondent $50 and sentences him to 10 days in jail, the 18 jail sentences to run concurrently. For each of the two findings of contempt for failure to appear or respond to this Court's show cause orders, the respondent is fined $50 and sentenced to 10 days in jail, those sentences to run consecutively to each other and to the sentence for the 18 convictions for indirect contempt.

Effectively, therefore, the respondent shall be fined $1,000 and sentenced to serve 30 days in the Davidson County jail. He is allowed ten days from the entry of this judgment within which to file with the Clerk of the Court at Nashville an application for suspension of the sentence. In the event no application is filed within 10 days, an order shall issue to the Sheriff of Davidson County directing that the respondent be taken into custody and confined in the Davidson County jail as aforesaid. Costs will be borne by the respondent.

DROWOTA, O'BRIEN, DAUGHTREY, and ANDERSON, JJ., concur.