IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

**FOR PUBLICATION**

**Filed:   March 16, 1998**

| IN RE: FRANCIS E. DICHTEL | ) | BOARD OF PROFESSIONAL |
| | ) | RESPONSIBILITY |
| | ) | |
| | ) | NO.  01S01-9506-BP-00101 |

FILED

March 16, 1998

Cecil W. Crowson
Appellate Court Clerk

| **For Francis E. Dichtel:** | **For Board of Professional Responsibility:** |
| | |
| Francis E. Dichtel, *Pro Se* | Sandra Leach Garrett |
| Memphis, Tennessee | Nashville, Tennessee |

# O P I N I O N

| HELD IN CONTEMPT | ANDERSON, C.J. |

This case arose out of a petition for order of contempt filed in this Court by the Board of Professional Responsibility against Francis E. Dichtel. The petition alleged that Dichtel violated an order of suspension previously entered by this Court by failing to comply with Tenn. Sup. Ct. R. 9, § 18, which requires that suspended attorneys notify clients of the suspension, withdraw from pending cases, and refrain from accepting new cases.

After consideration of the entire record and oral argument, this Court found that the petition was well-taken. We therefore held Francis Dichtel in contempt of this Court and entered a judgment on October 7, 1997, sentencing him to serve ten days in jail with credit for time served at the time of his arrest.

## BACKGROUND

On April 29, 1996, pursuant to a petition filed by the Board of Professional Responsibility, this Court entered an order temporarily suspending Francis Dichtel from the practice of law. The suspension was based upon a finding that Dichtel was "improperly holding or has misappropriated client funds and pose[d] a substantial threat of harm to the public." At the time this order was entered, a complaint against Dichtel alleging fourteen grounds for discipline was pending before the Board.

On September 11, 1996, following a hearing on the complaint and Dichtel's appeal to the chancery court, we entered an "order of enforcement" that suspended Dichtel's license for one year and one month. The order was based on the hearing panel's findings of Dichtel's numerous violations of ethical and disciplinary rules, including failing to act competently and zealously on behalf of

certain clients, failing to return funds to certain clients, and co-mingling of trust funds.

On April 30, 1997, the Board filed this petition for order of contempt alleging that Dichtel violated the orders of temporary suspension by continuing to represent clients and by failing to comply with Tenn. Sup. Ct. R. 9, §18. This Supreme Court rule requires suspended attorneys to notify clients of the suspension, withdraw from representation in pending cases, give notice to adverse attorneys when clients have not found substitute counsel, refrain from accepting new cases, and file an affidavit with the Court and the Board stating that the attorney has complied with the Court's order.

The Board's petition for order of contempt was supported by court documents and affidavits demonstrating that Dichtel represented clients and accepted new cases after the April 29, 1996 order of temporary suspension. These cases included:

- In June of 1996, Dichtel accepted a fee to file a bankruptcy petition on behalf of Karl Shumaker.

- In June and July of 1996, Dichtel continued to represent the respondent in Dokes v. Dokes, No. 26695-I, Shelby County Chancery Court.

- In July of 1996, Dichtel filed a bankruptcy petition on behalf of Verlene Hill.

- In June of 1996, Dichtel accepted a fee to represent Beneda Smith in a divorce proceeding.

- In June of 1996, Dichtel accepted a fee to represent Anita Norman in a divorce proceeding.

- In June of 1996, Dichtel accepted a fee to represent Terry Hugh William in a custody case.

- In June of 1996, Dichtel wrote to M.C. Jackson relative to his representation of Jackson in a divorce proceeding, despite previously informing Jackson of the order of suspension.

- In June of 1996, Dichtel filed a complaint for divorce on behalf of Jody Chase in Chase v. Chase, No. 152465, Shelby County Circuit Court.

Exhibits and affidavits supporting each of these allegations were attached to the Board's petition.

This Court issued an order requiring Francis Dichtel to appear before the Court on June 10, 1997, and to show cause why a contempt order should not issue based on the above conduct. When Dichtel failed to appear, this Court issued a capias requiring that Dichtel be taken into custody and post bond for his appearance. Dichtel was taken into custody on June 26, 1997, and later posted bond. A show cause hearing was set for October 7, 1997. Dichtel failed to respond to the Board's petition in writing, but personally appeared on October 7, 1997, for the show cause hearing.

After consideration of the petition, Dichtel's statement under oath, the supporting documentation to the allegations of misconduct, including affidavits and court pleadings, and argument of counsel, this Court found that Dichtel had violated the orders of suspension previously entered by this Court by failing to notify clients of his suspension, failing to withdraw from pending cases, and failing to refrain from taking new cases. In short, the record showed that Dichtel failed to comply with Tenn. Sup. Ct. R. 9, § 18. We therefore found Dichtel in contempt of this Court and entered a judgment on October 7, 1997, sentencing him to serve ten days imprisonment, with credit for time served at the time of arrest. Tenn. Code Ann. § 29-9-102; see also In re Saperstein, 811

S.W.2d 900 (Tenn. 1991)(attorney found in contempt for continuing to represent clients in violation of order of suspension and for non-compliance with Tenn. Sup. Ct. R. 9, § 18).

## CONCLUSION

Having considered the petition for order of contempt against Francis Dichtel filed by the Board of Professional Responsibility, his statement under oath, supporting pleadings and exhibits, and argument of the parties, we concluded that Dichtel violated this Court's order of suspension by failing to comply with Tenn. Sup. Ct. R. 9, § 18, and by continuing to represent clients. We therefore held Francis Dichtel in contempt of this Court and sentenced him to serve ten days imprisonment with credit for time served at the time of his arrest.

Costs of this proceeding are taxed to Francis Dichtel, for which execution may issue if necessary.

_____
RILEY ANDERSON, CHIEF JUSTICE

**CONCUR:**

Birch, Drowota, Reid, and Holder, JJ.