IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
(Heard at Knoxville)


**FOR PUBLICATION**

**Filed: July 6, 1998**


IN RE: JOHN MARK HANCOCK    )     No. 01S01-9711-BP-00256
    )
    )    (Board of Professional Responsibility)

**FILED**

**July 6, 1998**

**Cecil W. Crowson
Appellate Court Clerk**

**For John Mark Hancock:**
Ralph E. Harwell
RALPH E. HARWELL, P.C.
Knoxville, Tennessee

**For Board of Professional
Responsibility:**
William W. Hunt, III
Disciplinary Counsel
Nashville, Tennessee


# O P I N I O N


HELD IN CONTEMPT                   ANDERSON, C.J.

This case arose out of a petition for order of contempt filed in this Court by the Board of Professional Responsibility against John Mark Hancock. The petition alleged that Hancock violated an order of suspension previously entered by this Court by failing to comply with Tenn. Sup. Ct. R. 9, § 18, which requires a suspended attorney to notify clients of an order of suspension, move for withdrawal from pending cases, provide notice to adverse attorneys when clients have not obtained substitute counsel, and refrain from taking new cases.

Following a hearing to address the allegations in the petition, this Court appointed the Honorable John K. Byers to serve as Special Master and to resolve any and all factual issues raised by the parties. On April 13, 1998, after conducting an evidentiary hearing and considering stipulations offered by the parties, the Special Master filed a report of factual findings indicating that the Board's allegations were supported by sufficient evidence and that Hancock had held himself out to the public as an attorney after his license had been suspended.

Accordingly, after consideration of the record, argument of the parties, and the findings of the Special Master, it is the judgment of this Court that John Mark Hancock is adjudged in contempt for violating the order of suspension by failing to comply with Tenn. Sup. Ct. R. 9, §18. John Mark Hancock is sentenced to five days in jail, suspended upon the condition that he refrain in the future from the type of conduct set forth in the contempt petition and complies with the rules of this Court with regard to his suspension.

## BACKGROUND

The record shows that John Mark Hancock received his law license in the State of Tennessee in 1981. On June 15, 1994, this Court suspended his license to practice law pursuant to a settlement agreement between the Board and Hancock regarding

acts of misrepresentation, misappropriation, and misuse of client funds by Hancock.[1] The suspension of Hancock's license was ordered to last until at least January 1, 1996. Hancock has not applied for reinstatement.

On November 18, 1997, the Board of Professional Responsibility filed a petition for order of contempt alleging that Hancock had violated the order of suspension by failing to comply with Tenn. Sup. Ct. R. 9, § 18, which requires suspended attorneys to notify clients of the suspension, withdraw from representation in pending cases, give notice to adverse attorneys when clients have not found substitute counsel, refrain from accepting new cases, and file an affidavit with the Court and the Board stating that the attorney has complied with the Court's order. The petition alleged numerous instances in which Hancock continued to practice law and/or represented himself to members of the public as a licensed lawyer, including:

> Hancock used letterhead and stationery designating himself as "Esq." and/or "Consultant and Counselor" and/or any other related designation.

> Hancock identified himself as an attorney, or held himself out as an attorney, for Alfred Crews to Alfred Robinson of Alfred Robinson Realty Company and/or Robert N. Bailey, attorney for Alfred Robinson.

> Hancock failed to inform Alfred Robinson or Robert Bailey that his license to practice law had been suspended.

> Hancock represented to Ms. Jennie Angele that he was, at the time, a licensed attorney.

> Hancock represented to Ms. Doris Heath that he was, at the time, a licensed attorney.

> Hancock sought students for "John Hancock University" by using letterhead or stationery designating himself as "Esq." and/or "Consultant and Counselor" and/or any other related term.

> Hancock used letterhead or stationery referring to himself as "Attorney and Counselor at Law" in soliciting University of Tennessee football players to use him as an agent.

> Hancock submitted a resume to Generation Power Company indicating that he was, at the time, an attorney.

---

[1] Prior to this suspension, Hancock's license to practice law was suspended in 1984 due to a federal drug conviction. His license was reinstated on July 12, 1988.

The Special Master, in his report for the Court, made the following findings:

> Hancock used letterhead or stationery designating himself as "Esq." and/or "Consultant and Counselor" and there is no factual basis for his claim that this was inadvertent.
>
> Robert M. Bailey, attorney for Alfred Robinson, received letters from Hancock which bore the letterhead designating Hancock as "Esq." and "Consultant and Counselor." Bailey responded to the letters and addressed Hancock as an attorney. Hancock never corrected Bailey's reference to him as an attorney. There is not sufficient evidence to find that Hancock held himself out as an attorney to Alfred Robinson or Alfred Crews.
>
> Hancock never informed Alfred Robinson or Robert Bailey that his license to practice law had been suspended.
>
> Hancock did represent to Jennie Angele that he was a licensed attorney.
>
> Hancock did represent to Doris Heath that he was a licensed attorney.
>
> Hancock sought students for "John Hancock University" by using letterhead or stationery designating himself as "Esq." and/or "Consultant and Counselor."
>
> Hancock used letterhead referring to himself as "Attorney and Counselor at Law" in soliciting University of Tennessee football players to use him as an agent.
>
> Hancock submitted a resume to Generation Power Company indicating that he was an attorney, but the letter was undated and there is no evidence that it was sent when Hancock's license was suspended.
>
> Hancock continued to be listed in the phone book as an attorney and took no steps to have that listing removed.

The Special Master concluded that Hancock had "held himself out to the public as an attorney after his license to practice law was suspended and that this was done to garner financial return whether he received remuneration in all instances or not."

In a case involving similar issues but more egregious conduct, In re Saperstein, 811 S.W.2d 900 (Tenn. 1991), the Board of Professional Responsibility filed a petition for order of contempt alleging that Saperstein violated Tenn. Sup. Ct. R. 9, §18 by continuing to practice law and to accept new cases despite an order of suspension. Saperstein failed to respond to the charges and also failed to appear before this Court

at the scheduled contempt hearing. After reviewing the record and the charges, we found that Saperstein's failure to comply with the Court's order of suspension and the provisions of Rule 9, and his failure to respond to the contempt charges either by pleading or appearance, was "willful, contumacious, and contemptuous." We therefore held that Saperstein was guilty of 18 counts of contempt and imposed a sentence of 10 days imprisonment and a $50 fine on each count.

In this case, after consideration of the findings of the Special Master, this Court finds that Hancock willfully violated the order of suspension previously entered by this Court by failing to comply with Tenn. Sup. Ct. R. 9, § 18. Therefore, this Court holds John Mark Hancock in contempt and sentences him to a five-day sentence, suspended upon the condition that he refrains in the future from the type of conduct set forth in the Board's contempt petition and adheres to this Court's rules with respect to suspension. Tenn. Code Ann. § 29-9-102(3)(1980 & Supp. 1997).[2]

## CONCLUSION

Having considered the petition for order of contempt against John Mark Hancock filed by the Board of Professional Responsibility, Hancock's response to that petition, arguments of the parties, and the findings of the Special Master, we conclude that John Mark Hancock violated this Court's order of suspension by failing to comply with Tenn. Sup. Ct. R. 9, § 18. We therefore hold John Mark Hancock in contempt of this Court and sentence him to five days imprisonment, suspended upon the condition that he refrains in the future from the type of conduct set forth in the Board's contempt petition and fully complies with the rules of this Court regarding his suspension.

Costs of this proceeding are taxed to John Mark Hancock, for which execution may issue if necessary.

---

[2] The proposed settlement agreement submitted to the Special Master by the parties is, therefore, rejected by this Court.

_____
RILEY ANDERSON, CHIEF JUSTICE

**CONCUR:**
Drowota, Birch, and Holder, JJ.

Reid, Sp. J., Not Participating