IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
(Heard at Memphis)

**FOR PUBLICATION**

**Filed:   July 6, 1998**

IN RE:  DANNY K. DOCKERY )        No.  01S01-9605-BP-00101
)
)        (Board of Professional Responsibility)
)

**FILED**

**July 6, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

**For Danny Dockery:**            **For Board of Professional**
Danny K. Dockery              **Responsibility:**
Pro Se                        Laura L. Chastain
1384 Catherine Street         Deputy Chief Disciplinary Counsel
Memphis, Tennessee  38111     Nashville, Tennessee

# O  P  I  N  I  O  N

HELD IN CONTEMPT                                ANDERSON, C.J.

This case arose out of a petition for order of contempt filed by the Board of Professional Responsibility alleging that Danny Kaye Dockery violated an order of suspension previously entered by this Court by failing to comply with Tenn. Sup. Ct. R. 9, § 18. The provisions of Rule 9 require a suspended attorney to notify clients of an order of suspension, move for withdrawal from pending cases, provide notice to adverse attorneys when clients have not obtained substitute counsel, and refrain from accepting new clients.

After considering the petition and Dockery's responses, this Court appointed Judge William Acree to serve as Special Master to resolve any and all factual issues raised by the parties. Following an evidentiary hearing, the Special Master filed a report of his findings indicating that the Board's allegations were supported by the proof and that Dockery had engaged in the practice of law in violation of the order of suspension by rendering services to others that called for the professional judgment of a lawyer.

Accordingly, it is the judgment of this Court that Danny Kaye Dockery is adjudged in contempt for violating the order of suspension by failing to comply with Tenn. Sup. Ct. R. 9, § 18. Mr. Dockery is hereby sentenced to five days in jail, suspended upon the condition that he refrain in the future from the type of conduct set forth in the contempt petition and otherwise complies with the rules of this Court with regard to his suspension.

## BACKGROUND

Danny Kaye Dockery received his law license in the State of Tennessee in 1982. On October 14, 1996, this Court rendered an opinion suspending Dockery from the practice of law for two years based on findings made by a disciplinary hearing panel and adopted by the Shelby County Chancery Court that he had

mismanaged funds and failed to pay a client an amount she was owed. This Court's opinion said, in part:

> It is the finding of the Panel that in numerous instances over an extended period [Dockery] co-mingled entrusted funds with his personal funds, that he misapplied and misappropriated to his own use and benefit the funds entrusted to him. He failed to pay his client the amount she was owed and failed to maintain his records in a professional manner that would permit him to demonstrate what he had done with the settlement proceeds. The proof demonstrated a pattern . . . of mismanaging his escrow account, his escrow account records and using his escrow account for payment of personal and office expenses and showing no appreciation for the importance of maintaining his records accurately. . . .

Dockery v. Board of Professional Responsibility, 937 S.W.2d 863 (Tenn. 1996). This Court affirmed the two-year suspension and also conditioned Dockery's eligibility for future reinstatement upon completing three hours of legal ethics and making full restitution to his former client.

On April 30, 1997, the Board of Professional Responsibility filed a petition for an order of contempt alleging that Dockery violated the orders of suspension by failing to comply with Tenn. Sup. Ct. R. 9, § 18, which requires suspended attorneys to notify clients of the suspension, withdraw from representation in pending cases, give notice to adverse attorneys when clients have not found substitute counsel, refrain from accepting new cases, and file an affidavit with the Court and the Board stating that the attorney has complied with the Court's order.

The petition for contempt alleged six instances in which Dockery continued to practice law and/or failed to notify his clients of his suspension, including:

- Dockery represented Vivian Ford and filed the completion of her Chapter 7 schedules and statement of affairs on July 10, 1996.

- Dockery gave legal advice to Vivian Ford and prepared petition schedules for her, which he copied for her on September 25, 1996.

- Dockery represented Sammy Williams in a General Sessions matter on November 8, 1996, and signed a certificate of mailing as "attorney for plaintiff" on October 24, 1996.

- Dockery never sent Joycelyn Barton the court ordered notice of his suspension and in no other way notified her of his suspension.

- Dockery attempted to represent Abron Coleman in a criminal case on November 12, 1996.

- Dockery prepared the complaint for a divorce case and charged $150 for his services in December of 1996.

Dockery filed a response denying the allegations, asking to reopen the investigation regarding his suspension, and requesting damages from the Board.

This Court appointed Judge William Acree as Special Master to determine the factual issues raised by the petition and Dockery's response. On April 7, 1998, the Special Master filed his report with this Court, which found:

> In each of the five cases, the undersigned finds that [Dockery] rendered services to others that called for the professional judgment of a lawyer and, therefore, engaged in the practice of law in violation of the order of suspension.

The report also found "in mitigation" that Dockery received payment for only one of the cases and that his motive in assisting Vivian Ford and Sammy Williams "was solely for their benefit rather than for his."[1]

After consideration of the findings of the Special Master, this Court finds that Dockery willfully violated the order of suspension previously entered by this Court by failing to comply with Tenn. Sup. Ct. R. 9, § 18. See In re Saperstein, 811 S.W.2d 900 (Tenn. 1991)(finding willful and contemptuous violation of order of suspension). Therefore, this Court holds Danny Kaye Dockery in contempt and sentences him to a five-day suspended sentence, upon the condition that he refrains in the future

---

[1] The Special Master also properly concluded that the matters regarding the suspension and Dockery's request for damages were not properly before it.

from the conduct set forth in the Board's contempt petition and adheres to this Court's rules governing suspensions. Tenn. Code Ann. § 29-9-102(3)(1980 & Supp. 1997).

## CONCLUSION

Having considered the petition for order of contempt against Danny Kaye Dockery filed by the Board of Professional Responsibility, Dockery's response to that petition, and the findings of the Special Master, we conclude that Danny Kaye Dockery violated this Court's order of suspension by failing to comply with Tenn. Sup. Ct. R. 9, § 18. We therefore hold Danny Kaye Dockery in contempt of this Court and sentence him to five days imprisonment, suspended upon the condition that he refrains in the future from the conduct set forth in the Board's contempt petition and complies with the rules of this Court regarding his suspension.

Costs of this proceeding are taxed to Danny Kaye Dockery, for which execution may issue if necessary.

_____
RILEY ANDERSON, CHIEF JUSTICE

**CONCUR:**
Drowota, Birch, and Holder, JJ.

Reid, Sp. J., Not Participating